IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES A. BONNER,<br><br>        Plaintiff,<br><br>   v.<br><br>AKRAM ARASTEHJOO; NEDA VOJDANI;<br>and DOES 1-100,<br><br>        Defendants.<br>_____/ | No. C 11-1350 CW<br><br>ORDER GRANTING DEFENDANTS' MOTION TO SET ASIDE ENTRY OF DEFAULT, Docket No. 14, AND MOTION TO SUBMIT FURTHER EVIDENCE, Docket No. 30, AND DENYING AS MOOT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT, Docket No. 16, AND ADMINISTRATIVE MOTION TO ADMIT ADDITIONAL DOCUMENTS, Docket No. 35 |

   Plaintiff Charles A. Bonner filed the present action against Defendants Akram Arastehjoo and her daughter Neda Vojdani, alleging sixteen causes of action under federal and state law. After Defendants failed to answer the complaint or otherwise respond, the Clerk entered default as to both Defendants. Defendants have appeared specially to move the Court to set aside the entry of default.  Docket No. 14.  Having considered all of the parties' submissions, the Court GRANTS the motion.

                           BACKGROUND

   According to the allegations in the Complaint and other submissions filed with the Court, Plaintiff Bonner and Defendant Arastehjoo had a personal relationship for several years.  During

that time Bonner and Arastehjoo allegedly engaged in real estate transactions together and Bonner provided legal services to Arastehjoo, Vojdani and other family members.  In addition, Arastehjoo loaned Bonner sums of money, and Bonner provided certain real property as security.  On November 23, 2010, Arastehjoo filed suit against Bonner in Marin County Superior Court, alleging fraud and other violations of law related to the loans, and legal malpractice, and sought judicial foreclosure. Arastehjoo has also instituted a non-judicial foreclosure of Bonner's real property located at 105 Buchanan Drive, Sausalito, California.  On December 27, 2011, Bonner served a cross-complaint in the state action against Arastehjoo and Doe defendants. Arastehjoo demuured to the cross-complaint.

On March 21, 2011, Bonner filed the above-entitled federal action against Arastehjoo and Vojdani.  The complaint arises from the loans that are also at issue in the state action and seeks payment for legal services Bonner allegedly provided.  Bonner attempted to serve Defendants on the same day by sending his assistant Ilse Wolff to the law office of Robert Diskint, counsel for Arastehjoo in the state action.

The day after Bonner filed the federal action, he moved for a temporary restraining order to stop the foreclosure sale of his Buchanan Drive property.  Again, Wolff went to Diskint's law office.  She personally gave Diskint the motion and other related papers, including a copy of the complaint.  The parties dispute

2

whether a copy of summons was included with the copy of complaint that was enclosed with the motion for a temporary restraining order.  The motion was denied.

## DISCUSSION

Federal Rule of Civil Procedure 55(a) provides, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default."  However, a "person is not bound by a judgment in litigation to which he or she has not been made a party by service of process."  Mason v. Genisco Tech. Corp., 960 F.2d 849, 851 (9th Cir. 1992).  If a party was not properly served, the entry of default against it must be set aside.  See id. (stating that the default judgment is void if plaintiff failed to serve defendant properly).  Furthermore, a court may set aside entry of default for good cause.  Fed. R. Civ. P. 55(c).  Default is disfavored.  See In re Hammer, 940 F.2d 524, 525 (9th Cir. 1991).  Public policy supports deciding cases on the merits; any doubts as to the propriety of the default are resolved against the party seeking the default.  See id.

In the present case, the parties dispute whether the summons and complaint were properly served.  Federal Rule of Civil Procedure 4 establishes the required form and method of service. Among other methods, Rule 4 provides that service may be accomplished by following state law for serving a summons or

3

delivering a copy of the summons and complaint to an agent authorized by appointment or law to receive service of process. Fed. R. Civ. P. 4(e)(1), (2)(C).  Defendants concede that an agent's authority to accept service may be implied.  <u>United States v. Ziegler Bolt and Parts Co.</u>, 111 F.3d 878, 881 (Fed. Cir. 1997).

Bonner argues that he properly served Defendants because (1) Diskint accepted service of his cross-complaint in the state action, (2) Diskint instructed Bonner to direct all communications intended for Arastehjoo to him, (3) Diskint's assistant told Plaintiff's process server that she would accept service and (4) Diskint failed to inform the process server that he was not authorized to accept service on behalf of Defendants.

The first argument fails because Bonner does not dispute case law indicating that the "mere relationship between a defendant and his attorney does not, in itself, convey authority to accept service."  <u>Ziegler</u>, 111 F.3d at 881.  Furthermore, California Code of Civil Procedure section 428.60(2) states that if a party has appeared in the action, the cross-complaint shall be served upon the party's attorney, or upon the party if the appearance has been made without an attorney.  Accordingly, the fact that Diskint accepted service of the cross-complaint in the state action does not establish that Arastehjoo authorized him to receive service of the complaint and summons in this action.  Furthermore, this argument does not apply to service on Vojdani who was not a party to the state action.

4

Bonner's second argument is unpersuasive because Diskint's instructions to Bonner that Bonner communicate with him regarding the dispute does not amount to evidence that Defendants authorized Diskint to accept service of the federal complaint.  Cal. Civil Code § 2322(b) ("An authority expressed in general terms, however broad, does not authorize an agent to . . . [d]efine the scope of the agency); Imperial-Yuma Prod. Credit Ass'n v. Shields, 99 Cal. App. 546, 551 (1950) (a declaration by a purported agent that he was the agent, "made out of the presence and without the knowledge of the principal, was incompetent to establish either the fact of agency or the extent of the agent's authority").  Morover, the March 11, 2011 email from Diskint to Bonner, in which he stated, "akram sent me your email to her.  please deal with me regarding negotiations.  as we discussed please try to come up with a serious proposal," does not even expressly refer to the federal action or service of process.[1]

Bonner's third argument is defeated for the same reasons that his second argument fails.  Even if Diskint's secretary, Cornell, told Wolff or otherwise agreed with Wolff that she would accept service on behalf of Defendants, such facts do not demonstrate that Defendants authorized Cornell or Diskint to accept service of the summons and complaint in the federal action.

---

[1] Defendants' unopposed request to file additional evidence is GRANTED.  See Docket Nos. 30, 32 and 34.

5

Finally, Bonner points to no authority for the proposition that Diskint's failure to inform Wolff that he was not authorized to accept service on behalf of Defendants renders Bonner's manner of service proper under Rule 4.

Even if Bonner's service of the federal complaint were effective, there is good cause under Rule 55(c) to set aside the entry of default. Benton v. Kearney, 2009 WL 2711943, at *2 (C.D. Cal.). There is no evidence that culpable conduct by Defendants led to the entry of default. Defendants indicate that they intend to litigate the case. Indeed, Arastehjoo demurred to the cross-complaint in the state action. Bonner has not demonstrated that the requirement that he litigate the case would prejudice him.

## CONCLUSION

Because Bonner failed to serve the complaint and summons on Defendants properly, and other factors, demonstrate good cause to set aside the entry of default, Defendants' motion is GRANTED. Docket No. 14. Bonner's motion for default judgment is DENIED as moot. Docket No. 16. Bonner's motion for admission of filed documents in support of his motion for default judgment is DENIED as moot. Docket No. 35. Plaintiff shall serve Arastehjoo within thirty days and Vojdani within 120 days.

IT IS SO ORDERED.

Dated: 10/31/2011

CLAUDIA WILKEN
United States District Judge

6