IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

```
CHARLES A. BONNER,                    No. C 11-1350 CW

          Plaintiff,                  ORDER GRANTING
                                      DEFENDANTS' MOTION
     v.                               FOR SANCTIONS
                                      (Docket No. 19)
AKRAM ARASTEHJOO; NEDA VOJDANI;
and DOES 1-100,

          Defendants.
_____/
```

Defendants Akram Arastehjoo and Neda Vojdani[1] move for sanctions under Federal Rule of Civil Procedure 11 and Title 28 U.S.C. § 1927 against Plaintiff Charles A. Bonner. The Court held a hearing on the motion on October 6, 2011. Having considered the parties' submissions and oral argument, the Court GRANTS the motion.

---

[1] The Court notes that the caption on the opening brief for the motion for sanctions indicates that the motion is submitted on behalf of Arastehjoo, omitting Vojdani. However, the motion appears to have been submitted on behalf of Vojdani, as well, because the substance of the opening brief address Plaintiff's request for entry of default as to Arastehjoo and Vojdani, the proposed order granting the motion indicates that the motion was submitted on behalf of both individuals and the caption on the reply brief indicates that the motion was filed by counsel appearing specially for both.

BACKGROUND

In support of Plaintiff's motion for entry of default, Ilse Wolf, Plaintiff's legal assistant,[2] attested to the following. On March 21, 2011, Wolf called the office of Robert Diskint to inquire about acceptance of service, on behalf of Defendants, of the complaint and other documents in the present action. Diskint's secretary, Eve Cornell, agreed to accept service. The same day Wolf drove to the office and personally handed the complaint and summons to Cornell. Cornell printed a blank California proof of service form, POS-020, which states, "Do not use this Proof of Service to show service of a Summons and Complaint." Wolf and Cornell signed the form.

Wolf further states that on March 23, 2011 she returned to Diskint's office and handed him the summons and complaint, along with a motion for a temporary restraining order and supporting papers. However, the exhibit that accompanies Wolf's declaration, containing copies of the hand-delivered documents, does not include the summons.

Cornell and Diskint both attested that they never agreed to "accept service" on behalf of Arastehjoo or Vojdani. Cornell attested that she was not even aware that the papers Wolf gave her on March 21, 2011 included a federal complaint. Diskint attested that when he personally received the papers from Wolf, he believed

---

[2] Plaintiff is an attorney licensed to practice in California and is representing himself in the present case.

he was receiving a courtesy copy of Plaintiff's application for a temporary restraining order.

## II. Legal Standard

Under Rule 11(b), by presenting a motion to the court, an attorney certifies that, to the best of his or her knowledge, (1) it is not being presented for any improper purpose, such as to harass or cause unnecessary delay of the litigation; (2) the legal contentions are warranted by existing law or by a nonfrivolous argument; and (3) the factual contentions have evidentiary support.  Fed. R. Civ. P. 11.  A court may impose sanctions on attorneys who have violated Rule 11(b).  Fed. R. Civ. P. 11(c).

The standard for determining whether a motion is either frivolous or interposed for an improper purpose is one of objective reasonableness at the time it is signed.  Conn v. Borojorquez, 967 F.2d 1418, 1421 (9th Cir. 1992).  In assessing frivolousness under Rule 11, the court should not consider the ultimate failure on the merits or the subjective bad faith of the signer, but rather whether the position taken was "legally unreasonable" or "without factual foundations."  Zaldivar v. City of Los Angeles, 780 F.2d 823, 831 (9th Cir. 1986), overruled on other grounds by, Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 399-405 (1990).  Rule 11 "was designed to create an affirmative duty of investigation both as to law and as to fact before motions are filed."  Golden Eagle Distributing Corp. v. Burroughs Corp., 801 F.2d 1531, 1536 (9th Cir. 1986).

3

Title 28 U.S.C. § 1927 states,

> Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

II. Discussion

Plaintiff's request for entry of default as to both Defendants was factually and legally frivolous and, thus, objectively unreasonable. First, Plaintiff has no factual or legal basis for asserting that he had properly served Arastehjoo, much less Vojdani. In his opposition to Defendants' motion to set aside entry of default, Plaintiff argues foremost that service was proper because Diskint represented Arastehjoo in the lawsuit that she filed against Plaintiff in state court and Diskint accepted service of Plaintiff's cross-complaint in that action. Vojdani was not a party to that lawsuit. Wolf's testimony that Cornell agreed to accept service on behalf of Defendants, including Vojdani, is hearsay if offered to prove that she had authority to do so. Plaintiff cites no legal authority for the proposition that service was proper based on Cornell's purported agreement to accept service on behalf of Defendants. Nor did Plaintiff provide authority for his contention that Diskint was Defendants' implied-in-fact agent for service of process.

On its face, the proof of service form is not applicable to service of summons and a complaint. Wolf's declaration that she served Defendants through Diskint was plainly insufficient because

4

the attached exhibit did not include the summons.  Plaintiff fell far short of his duty to ascertain that his motion for entry of default was reasonable.

Other factors indicate that Plaintiff's motion was made for an improper purpose.  Plaintiff does not dispute that he neglected to contact Diskint to notify him of his intent to move for entry of default, prior to filing the motion.  Plaintiff asserts that the motion was necessary because of impending litigation deadlines, but does not identify any such deadlines.  Plaintiff's refusal to withdraw the motion for default judgment upon Defendants' request, despite obviously deficient service of process shows Plaintiff's unwillingness to consider the legal authorities and/or desire to harass Defendants.

Finally, this Court has already warned Plaintiff of his obligations under Rule 11.  <u>Bonner v. Select Portfolio Servicing, Inc.</u>, C 10-0609, July 26, 2010 Order at 29.

In sum, sanctions against Plaintiff are warranted.

In their opening brief in support of their motion for sanctions, Defendants sought $11,250 in attorneys' fees.  However, their reply brief included a request for $30,325.

In this circuit, courts calculate an award of attorneys' fees using the lodestar method, whereby the court multiplies "the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." <u>Camacho v. Bridgeport Fin., Inc.</u>, 523 F.3d 973, 978 (9th Cir. 2008).  Attorneys' fees

5

must be awarded "in line with the prevailing market rate of the relevant community." Carson v. Billings Police Dep't., 470 F.3d 889, 891 (9th Cir. 2006). Generally, "the relevant community is the forum in which the district court sits." Camacho, 523 F.3d at 979. Reasonable hours expended on a case are hours that are not "'excessive, redundant, or otherwise unnecessary.'" McCown v. City of Fontana, 565 F.3d 1097, 1102 (9th Cir. 2009) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). Although the lodestar amount is presumptively reasonable, courts may adjust the lodestar amount considering the time and labor required, the novelty and difficulty of the questions involved, the skill requisite to perform the legal service properly, whether the fee is fixed or contingent, the amount involved, the results obtained, counsel's experience, reputation, and ability, and awards in similar cases. See Ballen v. City of Redmond, 466 F.3d 736, 746 (9th Cir. 2006) (internal citations and quotations omitted).

The documentation submitted by Defendants in connection with its briefs for sanctions was inadequate to support the amount of attorneys' fees requested. The Court's October 6, 2011 minute order authorized counsel for Defendants to file additional documentation in support of an award of fees not to exceed $10,000.00. Having reviewed Defendants' October 11, 2011 submissions, the Court finds that there is sufficient evidence to justify an award of $10,000. Defendants' counsel's hourly rate of $250 appears reasonable and, indeed, somewhat less than prevailing

6

rates in this district.  However, the hours billed--141.3 hours in total--were excessive considering the simplicity of the legal issues and facts involved in the motion to set aside entry of default.  Forty hours of attorney time is a more reasonable amount for purposes of resolving the issues presented.  Defendants have documented $559.44 in reasonable costs and expenses.

Accordingly, Plaintiff shall pay to Defendants' counsel $10,559.44 in reasonable attorneys' fees, costs and expenses.

IT IS SO ORDERED.

Dated: 10/31/2011

CLAUDIA WILKEN
United States District Judge